IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALFREDO TREJO,<br><br>    Movant,<br><br>V.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§  NO. 4:22-CV-204-O<br>§  (NO. 4:19-CR-374-O)<br>§<br>§<br>§<br>§ |

**OPINION AND ORDER**

Came on for consideration the motion of Alfredo Trejo, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, styled "United States of America v. Paul Garza, et al.," and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

On December 11, 2019, Movant was named in a three-count indictment charging him in count one with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, in count two with possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and in count three with possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). CR ECF No. 195. On December 18, 2019, Movant and his attorney appeared before the magistrate judge to enter a guilty plea to count one of the indictment. CR ECF No. 319. The magistrate judge noted that one of the defendants before him needed an interpreter. *Id.* at 10. Movant's counsel stated that Movant had some difficulty reading so counsel

had read the documents to Movant. *Id.* at 11. The magistrate judge asked Movant if he was "otherwise . . . able to understand the English language sufficiently so that you don't need a court interpreter for today." Movant responded that he did not understand at all and stated that that's what his attorney was for. After conferring with Movant, his attorney told the magistrate judge that he was not sure that they could proceed since Movant was indicating that he was not going to understand what was going on. The magistrate judge noted that he did not mind going "nice and slow," but there were too many people in the courtroom that day to do so. *Id.* Accordingly, the hearing was reset for the next day. *Id.* at 11–12.

On December 19, 2019, Movant and his counsel again appeared before the magistrate judge. CR ECF No. 318. Movant was scheduled to enter a guilty plea, but his counsel advised the magistrate judge that he had not gotten a clear answer from Movant as to whether he wanted to go forward with the plea. *Id.* at 3. The magistrate judge asked Movant a series of questions to determine what Movant understood about the proceedings. *Id.* at 3–12. Movant alternatively said he understood and did not understand the charges against him. Accordingly, the magistrate judge accepted a plea of not guilty made by counsel on Movant's behalf. *Id.* at 16.

On January 10, 2020, a factual resume and plea agreement signed by Movant and counsel were filed. CR ECF Nos. 226, 227. On January 13, 2020, Movant and his counsel appeared before the undersigned for the purpose of entering a plea of guilty to count one of the indictment. CR ECF No. 309. Movant testified under oath that he was of sound mind and understood what "we're doing here today." *Id.* at 3–4. His counsel stated that he had no reason to believe that Movant was not fully competent. *Id.* at 4. Movant further testified that he understood the charges against him, the elements of the offense to which he was pleading guilty, the provisions of the plea agreement,

the range of punishment he faced, and the sentencing agreement. *Id.* at 1–14. He admitted that he committed all of the essential elements of the offense. *Id.* at 12. He testified that: he had discussed with counsel the issue of punishment and how the sentencing guidelines might apply in his case; he was fully satisfied with his counsel; he had read and discussed the plea agreement with counsel; he understood that he faced a range of punishment of not less than ten years or more than life and had no questions about punishment; he was waiving his right to appeal except in limited circumstances; no one had made any promise or threat to induce him to enter a guilty plea; he had read, understood, and signed the factual resume and the stipulated facts set forth were true and correct. *Id.* 12–18, 20. The Court found that Movant was fully competent and capable of entering an informed plea and that his plea of guilty was knowing and voluntary and supported by an independent basis in fact containing each of the essential elements of the offense. *Id.* at 21.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 38, since he was accountable for 53.93 kilograms of d-methamphetamine hydrochloride (Ice). CR ECF No. 254, ¶ 30. He received a two-level enhancement for possession of firearms. *Id.* ¶ 31. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 37, 38. Based on a total offense level of 37 and a criminal history category of VI, Movant's guideline imprisonment range was 360 months to life. *Id.* ¶ 97. The PSR noted that, had Movant been convicted of count 3 of the indictment, he would have been subject to a mandatory consecutive 60-month sentence. *Id.* ¶ 98. In addition, Movant benefitted from a binding Rule 11(c)(1)(C) agreement that his sentence would not exceed 360 months. *Id.* ¶ 99. Movant filed objections to the PSR, arguing that the inclusion of 52 kilograms of methamphetamine was based on uncorroborated statements of an unidentified co-conspirator. CR

ECF No. 259. He also filed a reply to the government's response to his objections. CR ECF No. 263. In addition, he filed a motion for downward variance. CR ECF No. 269. The probation officer prepared an addendum to the PSR rejecting the objections. CR ECF No. 268.

At sentencing, the Court accepted the plea agreement, overruled Movant's objection to the drug quantity, and adopted the guideline calculation recommended by the probation officer. CR ECF No. 310 at 3–6. His attorney made an extensive argument on Movant's behalf. *Id.* at 8–15. The Court granted a downward variance and sentenced Movant to a term of imprisonment of 300 months. *Id.* at 15; CR ECF No. 275. Movant appealed. CR ECF No. 284. His conviction and sentence were affirmed. *United States v. Trejo*, 840 F. App'x 790 (5th Cir. 2021).

## II.   GROUNDS OF THE MOTION

Movant sets forth four grounds in support of his motion, all alleging that he received ineffective assistance of counsel. He says that counsel: (1) suffered from a conflict of interest, (2) failed to fully explain the consequences of pleading guilty, (3) failed to object to the government's breach of the plea agreement, and (4) failed to challenge the relevant conduct utilized by the Court. ECF Nos. 1, 2.

## III.  APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review

4

without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial

5

cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In support of his first ground, Movant contends that his attorney did not adequately explain the charges to him, stood silent when Movant accused him of showing him the indictment for only five seconds, and called him a "dumb ass" when Movant claimed to be incompetent the second time he appeared for arraignment before the magistrate judge.[1] ECF No. 2 at 7–8. However, he has not shown an actual conflict on counsel's part that adversely affected his representation. *United States v. Scruggs*, 691 F.3d 660, 670 (5th Cir. 2012). His conclusory allegations are insufficient to establish a right to relief. *Miller*, 200 F.3d at 282.

In support of his second ground, Movant argues that counsel failed to explain the elements of a drug conspiracy to him, making his plea unknowing and involuntary. ECF No. 2 at 10. The contention that the plea was not knowing and voluntary is belied by the record. Movant testified under oath, as reflected above, that he was fully satisfied with his counsel and the representation provided him; he had read, understood, and discussed with his counsel the plea agreement and factual resume; he understood the essential elements of the offense to which he was pleading guilty

---

[1] As the magistrate judge noted, it appeared that Movant was engaged in game-playing. CR ECF No. 318 at 5. And, assuming the allegation of name-calling is true, it seems more likely that rather than belittling Movant, counsel was conveying to Movant what a mistake it would have been to reject the government's plea offer given that it saved Movant from a mandatory five-year consecutive term of imprisonment and capped his sentence at 360 months.

and had committed all of them; he understood the punishment he faced and had no questions regarding same; no one had coerced or threatened him to plead guilty; and the stipulated facts in the factual resume were true and correct. CR ECF No. 309. The factual resume, which Movant signed set forth the elements of the offense, the maximum penalty Movant faced, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 226. And, the plea agreement, which Movant also signed, stated, among other things, that Movant had thoroughly reviewed all legal and factual aspects of the case with his counsel and was fully satisfied with his legal representation, CR ECF No. 227, ¶ 11, and that he had carefully reviewed every part of the plea agreement, fully understood it, and voluntarily agreed to it. *Id.* at 6. Movant's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The plea agreement and factual resume signed by Movant are likewise accorded great evidentiary weight. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). His testimony and the clear terms of the plea agreement and factual resume refute the allegations that he received ineffective assistance as alleged. *See United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998). As the Court found, Movant's plea was knowing and voluntary and made with full knowledge of the consequences.

In support of his third ground, Movant alleges that counsel was ineffective in failing to object to the government's breach of the plea agreement. ECF No. 2 at 13–14. However, there was no breach of the plea agreement. The government agreed not to bring any additional charges against Movant based upon the conduct underlying and related to the plea of guilty and that it would move to dismiss any remaining counts of the indictment after sentencing. CR ECF No. 227, ¶ 7. The government did as promised. Advocating for inclusion of relevant conduct is not the same

as bringing additional charges. *See United States v. Peck*, 496 F.3d 885, 889–90 (8th Cir. 2007). *See also United States v. Bond*, 414 F.3d 542, 545 (5th Cir. 2005) (terms of a plea agreement are given their "usual and ordinary meaning"). Counsel was not ineffective by failing to raise a frivolous objection. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

Finally, Movant argues that counsel was ineffective in failing to challenge relevant conduct. ECF No. 2 at 14–17. He appears to contend that because he stipulated to a conspiracy that involved "at least 50 grams of methamphetamine" that he could not be held responsible for more.[2] *Id.*; ECF No. 13 at 12–13. The argument is ridiculous. He admitted responsibility for at least 50 grams. The Court determined that he was in fact responsible for 54 kilograms. That finding was not required to be proved beyond a reasonable doubt, but only by a preponderance of the evidence. *See, e.g., United States v. Nava*, 957 F.3d 581, 588 (5th Cir. 2020) (citing *United States v. Watts*, 519 U.S. 148, 156 (1997)); *United States v. Acosta*, 628 F. App'x 289, 290 (5th Cir. 2016). Movant's counsel objected to the drug quantity determination. CR ECF Nos. 259, 263. That he was unsuccessful does not constitute ineffective assistance. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983). Counsel was not required to make frivolous arguments. *Kimler*, 167 F.3d at 893.

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in movant's motion under § 2255.

---

[2] Movant erroneously refers to the plea agreement rather than the factual resume as containing that particular language. ECF No. 2 at 15.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 1st day of December, 2022.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**